THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICKY L. HALE,<br><br>Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER REGARDING SERVICE OF PROCESS**<br><br>Case No. 2:23-CV-450 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Ricky L. Hale, an inmate at Utah State Correctional Facility, brough this *pro se* civil rights actions under 42 U.S.C. § 1983. *See* Dkt. No. 4. Plaintiff later filed an amended complaint. *See* Dkt. No. 8. The court screened the amended complaint as required by 28 U.S.C. § 1915A and ordered Plaintiff to file a second amended complaint to cure the deficiencies the court identified in the amended complaint before further pursuing his claims. *See* Dkt. No. 11. Plaintiff timely filed a second amended complaint. *See* Dkt. No. 10.

The court has screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A. Based on this review, the court concludes that the Utah Department of Corrections (UDOC) is an improper defendant and must be dismissed from this matter. Section 1983 provides a cause of action against "[e]very *person*" who, acting under color of law, deprives a plaintiff "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. But "State agencies (including correctional facilities) are not persons under Section 1983," and so cannot be sued under that statute. *Krebs v. El Dorado Corr. Facility*, 673 Fed. App'x 891, 892 (10th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

1

A suit under Section 1983 may proceed, however, if it names a defendant who can be sued. Plaintiff names Marcus Wisner, Michael Parsons, Cutler Frandsen, Taska Clark, and one "Kerri M.," dentists and dental assistants employed by UDOC. Process may properly be served upon these individual defendants, and Plaintiff's action may proceed against them. *See* 28 U.S.C. § 1915(d).

## ORDER

**IT IS HEREBY ORDERED:**

1. That pursuant to Federal Rule of Civil Procedure 4(c)(1), the Clerk's Office shall request waivers of service from Defendants Wisner, Parsons, Frandsen, Clark, and "Kerri M." Counsel for the fully named defendants shall exercise their best efforts, using the information in the second amended complaint and the other defendants' recollections, to identify "Kerri M."

2. That the Clerk of Court shall mail:

   a. A Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; 2 copies of Waiver of the Service of Summons, AO form 399; and a copy of the Second Amended Complaint, Dkt. No. 11, and this Order to:

   Utah Department of Corrections,

   Att'n: Correctional Program Coordinator—3rd Floor DPO Suite

   14717 South Minuteman Drive

   Draper, Utah 84020

   b. Copies of the Second Amended Complaint and this Order to:

   Utah Attorney General's Office,

   Att'n: Litigation Division, Prisoner Litigation Unit

>160 East 300 South, Sixth Floor
>
>P.O. Box 140856
>
>Salt Lake City
>
>Utah 84114

3. Defendants are cautioned that Federal Rule of Civil Procedure 4 requires them to cooperate in saving unnecessary costs of service of summons and complaint. *See* Fed. R .Civ. P. 4(d)(1). If Defendants do not waive service after being asked to do so by the Court on Plaintiff's behalf, Defendants must bear service costs unless they can show good cause for not waiving service. *See* Fed. R. Civ. P. 4(d)(2). If service is waived, this action will proceed as if Defendants had been served on the day the waiver is filed, except that Defendants need not file an answer until 60 days from the date when the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). Defendants should read the statement at the end of the waiver form that more completely describes their duties regarding waiver of service. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons, but before Defendants have been personally served, the Answer shall be due 60 days from the date on which the request for waiver was sent or 20 days from the date the waiver form is filed, whichever is later.

4. If Defendants do not execute waivers, attorney(s) for Defendants shall file a notice listing reasons a waiver has not been given. That notice shall be due 30 days from the date a request was sent.

5. Defendants shall answer the Second Amended Complaint, observing the relevant Federal Rules of Civil Procedure and the deadlines set forth therein.

   a. If Defendants assert Plaintiff's failure to exhaust administrative remedies as an affirmative defense, Defendants shall

        i.      file an answer within 60 days of a request for waiver of service;

        ii.     prepare and file a *Martinez* report detailing the exhaustion issue within 90 days of filing an answer, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987); and

        iii.    file a separate summary judgment motion, with a supporting memorandum of facts and law, within 120 days of filing an answer.

    b.    If Defendants challenge the complaint's allegations, Defendants shall, within 60 days of the request of waiver of service, file a motion to dismiss based under Federal Rule of Civil Procedure 12(b)(6).

    c.    If Defendants choose not to make an exhaustion defense, Defendants:

        i.      shall file an answer within 60 days of date of waiver request;

        ii.     may prepare and file a *Martinez* report addressing the complaint's substance within 90 days of filing an answer; and,

        iii.    may file a separate summary judgment motion, with supporting memorandum, within 120 days of filing an answer.

    d.    If Defendants choose to seek other relief otherwise contemplated by the Federal Rules of Civil Procedure, they shall file an appropriate motion within 90 days of filing an answer.

6.    Plaintiff may respond to the *Martinez* report within 30 days of its filing. Plaintiff is cautioned that *Martinez* reports may "be used for their truth against a plaintiff if the plaintiff has been warned that failing to respond to the *Martinez* report could lead to that result." *Ortiz v.*

4

*Torgensen*, 857 F. App'x 419, 426-27 (10th Cir. 2021). The court now makes that warning to Plaintiff.

7. Plaintiff shall respond to a motion to dismiss or summary judgment motion within 30 days of its filing. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary judgment practice to this order. The Plaintiff shall comply with both the Federal Rules of Civil Procedure, and the Local Rules adopted by this District. The court recommends that Plaintiff again consult the Pro Se Litigant Guide sent to him with this court's order to cure his first amended complaint. *See* Dkt. No. 10-1.

8. Defendants may file a reply brief within 14 days after the Plaintiff's opposition is filed.

9. Plaintiff's third motion for appointed counsel, Dkt. No. 12, is **DENIED**, for the same reasons stated in a prior order denying appointment of voluntary *pro bono* counsel, Dkt. No. 10.

                                                              Dated this 12th day of August, 2024.
                                                              BY THE COURT:

                                                              _____
                                                              Howard C. Nielson, Jr.
                                                              United States District Judge

## Federal Rule of Civil Procedure 56 (2024)

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## DISTRICT OF UTAH LOCAL CIVIL RULE 56-1

**(a) Compliance with DUCivR 7-1.**

A motion for summary judgment, response, and reply must comply with DUCivR 7-1 in addition to the requirements in this rule.

**(b) Motion.**

If a party files more than 1 summary judgment motion at the same time, the court may strike the motions and require that the motions be consolidated into a single motion. A motion for

summary judgment must be titled "Motion for Summary Judgment," be supported by an Appendix of Evidence, as described in 56-1(e), and include the following sections:

> (1) <u>Introduction and Relief Requested</u>. A concise statement of each claim or defense for which summary judgment is sought and a clear statement of the relief requested.
>
> (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and Relief Requested and the Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.
>
> (3) <u>Statement of Undisputed Material Facts</u>. A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix that supports each factual assertion.
>
> (4) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why the moving party is entitled to judgment as a matter of law. The argument section should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual references must cite to the Appendix.

**(c) Response**.

A response to a motion for summary judgment may be accompanied by an Appendix of Evidence, if applicable, and must include the following sections.

> (1) <u>Introduction</u>. A concise statement explaining why summary judgment should be denied.
>
> (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and the Response to Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.
>
> (3) <u>Response to Statement of Undisputed Material Facts</u>. A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial, and cite to the evidence used to refute the fact. The responding party should not restate undisputed facts. If a fact is inadmissible, the responding party must object, as provided in DUCivR 7-1(b), rather than move to strike the inadmissible fact. Factual citations must reference the appropriate Appendix.
>
> (4) <u>Statement of Additional Material Facts (if applicable)</u>. If additional material facts are relevant to show that there is a genuine dispute of material fact, the party must state each additional fact and cite with particularity to the Appendix that contains the supporting

evidence. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.  (5) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why summary judgment should be denied. Any factual citations must cite to the appropriate Appendix.

**(d) Reply**.

The moving party may file a reply. In the reply, a party may cite to evidence that was not previously cited only to rebut a claim that a material fact is in dispute. Otherwise, a reply may not contain additional evidence, and, if it does, the court may disregard it.

**(e) Appendix of Evidence**.

>   (1) All evidence cited in a motion, response, or reply must be compiled in an appendix. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.
>
>   (2) The Appendix must include:
>
>>      (A) a captioned, cover-page index that—
>>
>>>         (i) lists each exhibit by number;
>>>
>>>         (ii) includes a description or title of the exhibit; and
>>>
>>>         (iii) identifies the source of the exhibit;
>>
>>      (B) complete copies of all exhibits, including deposition transcripts. For lengthy deposition transcripts, the party may submit the relevant pages of the deposition and the 4 pages before and 4 pages after the sections cited. Manuscript transcripts are permitted, unless otherwise ordered by the court.

**(f) Failure to Respond**. If a party fails to timely respond, the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law.

## DISTRICT OF UTAH LOCAL CIVIL RULE 7-1

**(a) Motion, Response, and Reply**.

>   (1) <u>Motion and Memorandum</u>. Except as otherwise allowed by this rule, a motion and memorandum must be contained in the same document and include the following:
>
>>      (A) an initial separate section stating succinctly the specific relief sought and the grounds for the relief; and

(B) a recitation of relevant facts, supporting authority, and argument.

(2) <u>Exception to the Requirement to Include Facts and Supporting Authority</u>. The requirement to include facts and supporting authority under section 7-1(a)(1)(B) does not apply to the following motions:

    (A) to extend time for the performance of an act, whether required or permitted, if the motion is made before the current deadline expires;

    (B) to continue a hearing or other court proceeding;

    (C) to appoint a next friend or guardian ad litem;

    (D) to substitute a party;

    (E) for a settlement conference;

    (F) for referral to or withdrawal from the court's ADR program; and

    (G) for approval of a stipulation between the parties.

(3) <u>No Motion Within a Response or Reply</u>. A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply. Any motion must be separately filed. A cross-motion may incorporate by reference the arguments contained in a response, if applicable.

(4) <u>Page and Word Limits and Filing Times</u>. Unless the court orders otherwise or the parties stipulate to shorter requirements, the following apply:

    (A) *Motions Filed Under Fed. R. Civ. P. 12(b), 12(c), or 23(c).*

        (i) A motion or a response may not exceed 25 pages or 7,750 words.

        (ii) A reply may not exceed 10 pages or 3,100 words.

        (iii) A response to a motion must be filed within 28 days after service of the motion.

        (iv) A reply may be filed within 14 days after service of the response.

    (B) *Motions Filed Under Fed. R. Civ. P. 56(a).*

        (i) A motion or a response may not exceed 40 pages or 12,400 words.

        (ii) A reply may not exceed 20 pages or 6,200 words.

    (iii) A response to a motion must be filed within 28 days after service of the motion.

    (iv) A reply may be filed within 14 days after service of the response.

  (C) *Motions Filed Under Fed. R. Civ. P. 65*.

    (i) A motion or a response may not exceed 25 pages or 7,750 words.

    (ii) A reply may not exceed 10 pages or 3,100 words.

    (iii) A response to a motion must be filed within 14 days after service of the motion.

    (iv) A reply may be filed within 14 days after service of the response.

  (D) *All Other Motions*.

    (i) A motion, response, or reply not specified above may not exceed 10 pages or 3,100 words.

    (ii) A response to a motion must be filed within 14 days after service of the motion.

    (iii) A reply may be filed within 14 days after service of the response.

(5) <u>Stipulation to Extend Filing Time</u>. Parties seeking to extend the filing time for a response or reply must file a stipulated motion before the filing time has passed. A stipulation to extend a filing time is ineffective without a court order.

(6) <u>Sections Applicable to Page or Word Limits and Certification Requirement</u>.

  (A) All headings, citations, quotations, and footnotes count toward the page or word limit.

  (B) The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.

  (C) When a document exceeds the page limit, a party must certify at the end of the document that the document complies with the word limit (e.g., "I, [attorney's name], certify that this [name of document] contains [number of words] words and complies with DUCivR 7-1(a)(4).").

    (7) <u>Overlength Motion, Response, or Reply</u>.

        (A) Unless modified by the assigned judge in a court order or on their "practices and procedures" page on the court website, a party must first obtain a court order authorizing the additional pages or words before filing a motion, response, or reply that exceeds the page or word limits in section 7-1(a)(4). The motion must be filed, and the order obtained, before filing the overlength motion, response, or reply. The motion to exceed the page or word limit must include:

            (i) the number of additional pages or words that are needed; and

            (ii) a statement of good cause why additional pages or words are needed.

        (B) An overlength motion, response, or reply must contain a table of contents.

    (8) <u>Motion Seeking Relief Similar to Another Party's Motion</u>. Each party seeking relief from the court must file a motion that identifies the relief sought and grounds for the requested relief. A party may incorporate by reference another party's arguments in the party's own motion, if applicable, but filing a "Notice of Joinder" is improper.

    (9) <u>Additional Memoranda</u>. Unless otherwise ordered, the court will not consider additional memoranda.

**(b) Motion to Strike Evidence Improper; Evidentiary Objections Permitted**.

    (1) A motion to strike evidence offered in another party's motion, response, or reply is improper.

    (2) If evidence is offered in a motion or a response, the response or reply may include an objection to the evidence. In exceptional circumstances, the objection may be filed as a separate document simultaneously with the response or reply.

    (3) If new evidence is offered in a reply, an evidentiary objection must be filed within 7 days after service of the reply.

    (4) A party may file a response to an evidentiary objection at the same time any response or reply is due or no later than 7 days after the objection was filed, whichever is later.

**(c) Supplemental Authority**.

When pertinent and significant authority comes to the attention of a party before the court has entered a decision on a motion, the party may file a Notice of Supplemental Authority, which may not exceed 2 pages.

    (1) The notice must contain, without argument, the following:

    (A) a reference either to the page of the memorandum or to a point argued orally to which the supplemental authority pertains; and

    (B) the reasons why the supplemental authority is relevant.

  (2) The court may decide a motion without waiting for a response to the notice. If the court has not ruled on the motion, a party may file a response, which may not exceed 2 pages, within 7 days after service of the notice.

**(d) Supporting Exhibits**.

When evidence is cited in a motion, response, or reply, the relevant portions of the evidence must be attached or filed separately and contemporaneously with the document.

**(e) Proposed Orders**.

  (1) <u>When Required</u>. A party must provide a proposed order when filing a motion under section 7-1(a)(2) of this rule or when the court orders otherwise.

  (2) <u>Filing Procedures</u>. To file a proposed order, a party must:

    (A) attach it as an exhibit to the motion; and

    (B) email an editable copy of the proposed order, copied to other parties or their counsel—

      (i) for motions filed under DUCivR 77-2, to utdecf_clerk@utd.uscourts.gov; and

      (ii) for all other motions, to the assigned judge's chambers.

**(f) Failure to Respond**.

Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.

**(g) Oral Arguments on Motions**.

The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.

**(h) Summary Judgment**.

This rule and DUCivR 56-1 apply to motions for summary judgment and related memoranda.

**(i) Courtesy Copies**.

The court may require a party to provide courtesy copies as described in the court's ECF Procedures Manual and on the Judge Information section of the court's website.

**(j) Sanctions**.

Failure to comply with the requirements of this rule may result in the court imposing sanctions, including:

>(1) returning the document for resubmission in accord with the rule;

>(2) denial of the motion; or

>(3) any other sanction the court deems appropriate.