IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICKY L. HALE,<br><br>Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-450-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Ricky L. Hale, an inmate at the Utah State Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983. *See* Dkt. No. 4.

Mr. Hale moves yet again "for appointment of counsel." Dkt. No. 33. Mr. Hale provides neither argument nor legal authority in support of his motion. The court has previously denied three such motions by Mr. Hale in this case. *See* Dkt. Nos. 3, 9–10, 12–13. Mr. Hale's renewed motion fails for the same reasons stated by the court in denying his previous motions—Mr. Hale's failure to persuade the court that his claims are colorable, the simplicity of the issues presented, and Mr. Hale's capacity to litigate his case. *See* Dkt. No. 10 at 6–7 (discussing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). If, as the case progresses, the court determines that counsel is needed or would be of specific help, the court will ask an attorney to appear *pro bono* on Mr. Hale's behalf. Because the court will continue to reassess the need for counsel without prompting, the Mr. Hale need not file further motions to appoint counsel.

In response to the Defendants' pending motion for summary judgment, *see* Dkt. No. 30, Mr. Hale also moves for a jury trial, *see* Dkt. No. 32. Mr. Hale argues that because "[t]his is a complex case" ill suited for "a simple paper review," a jury trial is necessary "for this court and

jury [to] follow along," to "allow the facts to speak for themselves," and to vindicate Mr. Hale's "constitutional right to a Jury trial." *Id*. at 1–2. But the court may not bypass the summary judgment process simply because Mr. Hale (or the court) would prefer that this action be resolved by a jury. *See* Fed. R. Civ. P. 56. And the constitutionality of summary judgment as a means of resolving appropriate cases short of a jury trial is long settled. *See, e.g.*, *Fidelity & Deposit Co. of Maryland v. United States*, 187 U.S. 315, 320–21 (1902).

Finally, Mr. Hale moves to extend the deadline for responding to the Defendants' Motion for Summary Judgment. *See* Dkt. No. 34. Mr. Hale represents that the prison at which he is housed "has no law library and minimal access to the contract Attorneys." *Id.* at 1. Although Mr. Hale should have moved for an extension before the deadline passed, the court will overlook his failure to do so this time in the interest of justice.

* * *

Docket Number 33, the Plaintiff's Motion for Appointment of Counsel, and Docket Number 32, the Plaintiff's Motion for Jury Trial, are **DENIED**. Docket Number 34, the Plaintiff's Motion for Extension of Time, is **GRANTED**. The Plaintiff shall respond to the Defendants' *Martinez* report and motion for summary judgment within 30 days of this order. *See* Dkt. Nos. 28–30.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge